UNTIED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZABETH HUXTABLE | : |
| Plaintiff, | : UNTIED STATES DISTRICT COURT<br>: DISTRICT OF NEW JERSEY |
| v. | : Civil Action No. 04-03445 (JAG) |
| MOUNT OLIVE TOWNSHIP,<br>POLICE OFFICER MARK SMITH,<br>POLICE OFFICER ANNA CORA,<br>POLICE OFFICER MICHAEL<br>POCQUAT, THE NURSERY<br>ACADEMY, and KIM POCQUAT, | : REPORT AND RECOMMENDATION |
| Defendant(s), | : |

## BACKGROUND

On July 21, 2004 plaintiff, Elizabeth Huxtable filed a Complaint through her attorney, Robert Westreich, Esq. Defendants The Nursery Academy, Kim Pocquat, Mount Olive Township and Police Officers Smith, Cora and Pocquat timely filed their Answers and cross claims.

On October 26, 2004 Magistrate Judge Donald G. Haneke entered a Scheduling Order which directed all parties to complete discovery by July 31, 2005. The Scheduling Order further

directed all counsel to appear on August 17, 2005 at 11:00 a.m. for a final status/settlement conference.

On May 16, 2005 Magistrate Judge Haneke entered an Order to Compel plaintiff to answer interrogatories. The Order also permitted defendants to file a motion to dismiss plaintiff's Complaint with prejudice should plaintiff fail to answer the interrogatories within the designated 10 day period.

On June 2, 2005, defendants Mount Olive Township and Police Officers Smith, Cora and Pocquat filed a motion to dismiss pursuant to the May 16, 2005 Order and F.R.C.P. 37(b)(2)(C) because plaintiff had failed to answer interrogatories.

On June 14, 2005, defendants The Nursery Academy and Kim Pocquat filed a motion to dismiss due to plaintiff's failure to answer interrogatories pursuant to the May 16, 2005 Order and F.R.C.P. 37(b)(2)(C).

By letter dated June 14, 2005, plaintiff's counsel indicated to this Court that he had "repeatedly and unsuccessfully endeavored to have Defendants' discovery answered." Counsel furthermore indicated that plaintiff failed to respond after he advised her that her case would be dismissed if she did not answer discovery.

On July 27, 2005, District Court Judge Greenaway signed an Order denying the motion to dismiss the Complaint filed by defendants The Nursery Academy and Kim Pocquat without prejudice. Plaintiff did not oppose the motion to dismiss.

On September 12, 2005, I sent a Letter Order to counsel for all parties indicating that this action had been reassigned to me for further case management. I scheduled a status/settlement conference for October 11, 2005, and requested that counsel provide me with a status letter. I

also advised that clients should be available in person or by phone at the conference.

On October 7, 2005, plaintiff's counsel indicated in his status letter that his client "has ceased to respond to [his] efforts to communicate with her."  His client was not available at the conference.  To date, plaintiff has failed to answer any discovery served on her.

## **DISCUSSION**

Plaintiff's failure to comply with her discovery obligations and the Orders of this Court require this Court to determine the appropriate sanctions to impose.  In <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals noted six factors which must be considered to determine whether the sanction of default is appropriate.  The <u>Poulis</u> factors are: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) alternative sanctions, (6) the meritoriousness of the claim or defense.  <u>Id.</u> at 868.

The <u>Poulis</u> factors are applied to the facts to determine if default is proper.  First, plaintiff has been entirely unresponsive despite her lawyer's attempts to communicate with her.  In an October 7, 2005 letter to this Court in anticipation of the settlement conference, plaintiff's counsel advised that his client:

> "has ceased to respond to my efforts to communicate with her, is ignoring her discovery obligations, and has not responded to my telephone calls and correspondence advising her that the Complaint will be dismissed unless she complies with the outstanding discovery Order."

This Court is satisfied that plaintiff is responsible for her inaction and is personally responsible for failing to comply with discovery obligations and with the Orders of this Court.

Second, plaintiff's failure to provide answers to interrogatories and respond to the Court's

3

orders plainly prejudices the defendants.  Discovery may not completed.  Therefore, this action cannot proceed.

Third, plaintiff's repeated failure to provide discovery materials despite opposing parties' requests, motions to dismiss, and Orders of the Court shows a pattern of non-compliance.

Fourth, although plaintiff's counsel has responded to each motion and has appeared for each conference, plaintiff has not made a similar effort.  Plaintiff, by way of the factors discussed above, has made a willful decision to refuse to prosecute this civil action.  Furthermore, counsel for the plaintiff did not oppose the motion to dismiss the Complaint on July 27, 2005.   This Court is satisfied there was no showing of bad faith by plaintiff's counsel.

Fifth, alternative sanctions are not be appropriate here.  Plaintiff has shown that she is unwilling to pursue this civil action by her lack of response to counsel and by her lack of compliance with this Court's orders.  Furthermore, plaintiff's counsel has informed plaintiff that her action would be dismissed as result of  non-compliance.  A monetary sanction would be ineffective from a party who is, for all intents and purposes, entirely uncommunicative and who has ceased to pursue her case.  This Court is unable to determine the meritoriousness of the claim, or defense, on the pleadings alone, and therefore the sixth factor is not reached.

Four of the six Poulis factors weigh in favor of dismissing the Complaint and entering default.  A court does not need to satisfy all six of the Poulis factors in order to enter default.  See Midek v. Rigatti, 964 F.2d 1369, 1373 (3d. Cir. 1992).  The plaintiff here has refused to comply with Orders of this Court and has not met her discovery obligations in this matter.  Therefore, discovery cannot be completed and the sanction of default is merited.

**CONCLUSION**

For the reasons set forth above, I recommend that the plaintiff's Complaint be dismissed without prejudice thirty (30) days from the date this recommendation is filed or by November 28, 2005, unless plaintiff is fully responsive and compliant with all outstanding discovery obligations and with Orders of this Court.

The parties have ten (10) days from receipt hereof to file and serve objections.

Respectfully submitted,

s/Madeline Cox Arleo
**MADELINE COX ARLEO**
**United States Magistrate Judge**

Original:   Clerk
cc:         Hon. Joseph A. Greenaway, U.S.D.J.
            file